Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Proposed Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WF CAPITAL HOLDINGS, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| OLD UE, LLC, | ) | Case No. 10-_____(   ) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| OLD FGS, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WF HOLDINGS, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW HOLDINGS | ) | |
|     CORPORATION, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
|     Debtor. | ) | |

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WFMI, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW SOLUTIONS LLC, | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WFIH, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| THE RELIZON COMPANY, | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW OF FLORIDA, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT | ) | |
| ACQUISITION II CORP., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SFI OF PUERTO RICO, INC., | ) | Case No. 10-_____(  ) |
| | ) | |
|     Debtors | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW DIRECT, INC., | ) | Case No. 10-_____(  ) |
| | ) | |
|     Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON DE MEXICO INC., | ) | Case No. 10-_____(  ) |
| | ) | |
|     Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON SNE INC., | ) | Case No. 10-_____(  ) |
| | ) | |
|     Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| FORMCRAFT HOLDINGS<br>    LIMITED PARTNER, INC., | ) ) | Case No. 10-_____(  ) |
| | ) | |
|     Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| FORMCRAFT HOLDINGS<br>    GENERAL PARTNER, INC., | ) ) | Case No. 10-_____(  ) |
| | ) | |
|     Debtor. | ) | |

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON KNE INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON WISCONSIN INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON (TEXAS) LTD. LLP, | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION OF DEBTORS FOR ORDER DIRECTING JOINT ADMINISTRATION
PURSUANT TO BANKRUPTCY CODE
SECTION 302 AND BANKRUPTCY RULE 1015(b) AND
WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTIONS
<u>105 AND 342(c)(1) AND RULES 1005 AND 2002(n)</u>**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby move (the "Motion") this Court for entry of an order, pursuant to sections 105, 302 and 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors and the last four digits of the Debtors' taxpayer identification numbers are as follows: Workflow Management, Inc. (7104); Workflow Holdings Corporation (9217); WF Capital Holdings, Inc. (5548); WF Holdings, Inc. (9106); Workflow Direct, Inc. (7497); Workflow Management Acquisition II Corp. (2039); WFIH, Inc. (0527); WFMI, Inc. (4282); Workflow of Florida, Inc. (4281); Workflow Solutions LLC (3769); SFI of Puerto Rico, Inc. (3413); Old FGS, Inc. (1438); Old UE, LLC (4060); The Relizon Company (4702); Relizon Wisconsin Inc. (8440); Relizon (Texas) Ltd., LLP (6437); Relizon SNE Inc. (4537); Relizon KNE Inc. (3935); Relizon de Mexico Inc. (6996); Formcraft Holdings General Partner, Inc. (5683); Formcraft Holdings Limited Partner, Inc. (5684). The mailing address for WF Capital Holdings, Inc., Old FGS, Inc., and Old UE, LLC is 150 West Main Street, Suite 2100, Norfolk, Virginia 23510. For all other Debtors, the mailing address is 220 E. Monument Avenue, Dayton, Ohio 45402.

Rules"), providing for the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and seeking a waiver of the requirement that the captions in these chapter 11 cases list the Debtors' tax identification numbers and addresses. In support of the Motion, the Debtors rely upon and incorporate by reference the Affidavit of Paul H. Bogutsky, Chief Financial Officer, Executive Vice President and Treasurer of Workflow Management, Inc. in Support of Chapter 11 Petitions and First Day Pleadings (the "Bogutsky Affidavit"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105, 302 and 342(c)(1) and Bankruptcy Rules 1005, 1015 and 2002(n).

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Bogutsky Affidavit.[2]

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bogutsky Affidavit.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order, under Bankruptcy Code sections 302 and 342(c)(1) and Bankruptcy Rules 1005, 1015 and 2002(n) consolidating the Debtors' chapter 11 cases for procedural purposes only and waiving the requirement that the Debtors' caption contain tax identification numbers and addresses.

## BASIS FOR RELIEF

7. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. The Debtors in these proceedings include Workflow Management, Inc. ("Workflow Management"), and twenty of its affiliated entities (the "Affiliated Debtors").[3]

8. Workflow Management is a wholly owned direct or indirect subsidiary of WF Capital Holdings, WF Holdings, Inc., and Workflow Holdings Corporation. Workflow Management, Inc. is direct or indirect parent or owner of all of the other Affiliated Debtors, in whole or in part with other Affiliated Debtors. As such, Workflow

---

[3] The Affiliated Debtors of Workflow Management, Inc. are: Workflow Holdings Corporation, WF Capital Holdings, Inc., WF Holdings, Inc., Workflow Direct, Inc., Workflow Management Acquisition II Corp., WFIH, Inc., WFMI, Inc., Workflow of Florida, Inc., Workflow Solutions LLC, SFI of Puerto Rico, Inc., Old FGS, Inc., Old UE, LLC, The Relizon Company, Relizon Wisconsin Inc., Relizon (Texas) Ltd., LLP, Relizon SNE Inc., Relizon KNE Inc., Relizon de Mexico Inc., Formcraft Holdings General Partner, Inc., and Formcraft Holdings Limited Partner, Inc.

6

Management and the Affiliated Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).  Thus joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

9. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will often affect most or all of the Debtors.

10. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases.  Finally, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in these cases.

11. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

12. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | |
| et al., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

13. The Debtors submit that use of this simplified caption, without reference to their respective states of incorporation and complete tax identification numbers, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

14. In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Debtors' chapter 11 cases, substantially as follows:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Workflow Management, Inc. and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Workflow Management, Inc., Case No. (_____)(__), should be consulted for all matters affecting this case.

15. Administration of these chapter 11 cases would be far more expedient if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings, and other matters involved in these chapter 11 cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

16. Joint administration will also allow the Court and the Debtors to employ a single docket for all of the cases and to confine, and thereby simplify, notice to creditors and other parties in interest in these bankruptcy cases. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

17. Waiver of the requirements imposed by Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) that the Debtors' caption include the Debtors' full tax identification numbers is appropriate in these cases. More importantly, waiver of the tax identification number and address requirement is purely procedural in nature and will not affect the rights of parties in interest, particularly as this information is available on all of the Debtors' chapter 11 petitions.

18. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

## NOTICE

19. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) the Internal Revenue Service; (iii) the Department of Justice; (iv) agent for the Debtors' first lien lenders; (v) counsel to agent for the Debtors' first lien lenders; (vi) agent for the Debtors' second lien lenders; (vii) counsel to agent for the Debtors' second lien lenders; and (viii) the Debtors' top thirty (30) largest unsecured creditors on a consolidated basis. The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

20.     Pursuant to Rule 9013-1(G) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

## NO PRIOR REQUEST

21.     No previous request for the relief sought in this Motion has been made to this Court or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  Norfolk, Virginia             WORKFLOW MANAGEMENT, INC. et al.
        September 29, 2010

                                      /s/ Douglas M. Foley
                                      Douglas M. Foley (VSB No. 34364)
                                      Patrick L. Hayden (VSB No. 30351)
                                      McGUIREWOODS LLP
                                      9000 World Trade Center
                                      101 West Main Street
                                      Norfolk, Virginia, 23510
                                      (757) 640-3700

                                      Proposed Attorneys for the Debtors and Debtors in Possession

## **EXHIBIT A**

(Proposed Order)

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Proposed Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WF CAPITAL HOLDINGS, INC., | ) | Case No. 10-_____(  ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| OLD UE, LLC, | ) | Case No. 10-_____(  ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| OLD FGS, INC., | ) | Case No. 10-_____(  ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WF HOLDINGS, INC., | ) | Case No. 10-_____(  ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW HOLDINGS | ) | |
|     CORPORATION, INC., | ) | Case No. 10-_____(  ) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WFMI, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW SOLUTIONS LLC, | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WFIH, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| THE RELIZON COMPANY, | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW OF FLORIDA, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT ACQUISITION II CORP., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SFI OF PUERTO RICO, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtors | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW DIRECT, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON DE MEXICO INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON SNE INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| FORMCRAFT HOLDINGS | ) | |
| LIMITED PARTNER, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| FORMCRAFT HOLDINGS | ) | |
| GENERAL PARTNER, INC., | ) | Case No. 10-_____(   ) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON KNE INC., | ) | Case No. 10-_____(    ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON WISCONSIN INC., | ) | Case No. 10-_____(    ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| RELIZON (TEXAS) LTD. LLP, | ) | Case No. 10-_____(    ) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION
PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 302 AND
BANKRUPTCY RULE 1015(B), AND (II)
WAIVING REQUIREMENTS OF BANKRUPTCY CODE
<u>SECTION 342(C)(1)AND BANKRUPTCY RULES 1005 AND 2002(N)</u>**

Upon the motion (the "Motion")[1] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[2] for entry of an order, pursuant to sections 105, 302, and 342(c)(1) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors and the last four digits of the Debtors' taxpayer identification numbers are as follows: Workflow Management, Inc. (7104); Workflow Holdings Corporation (9217); WF Capital Holdings, Inc. (5548); WF Holdings, Inc. (9106); Workflow Direct, Inc. (7497); Workflow Management Acquisition II Corp. (2039); WFIH, Inc. (0527); WFMI, Inc. (4282); Workflow of Florida, Inc. (4281); Workflow Solutions LLC (3769); SFI of Puerto Rico, Inc. (3413); Old FGS, Inc. (1438); Old UE, LLC (4060); The Relizon Company (4702); Relizon Wisconsin Inc. (8440); Relizon (Texas) Ltd., LLP (6437); Relizon SNE Inc. (4537); Relizon KNE Inc. (3935); Relizon de Mexico Inc. (6996); Formcraft Holdings General Partner, Inc. (5683); Formcraft Holdings Limited Partner, Inc. (5684).  The mailing address for WF Capital Holdings, Inc., Old FGS, Inc., and Old UE, LLC is 150 West Main Street, Suite 2100, Norfolk, Virginia 23510.  For all other Debtors, the mailing address is 220 E. Monument Avenue, Dayton, Ohio 45402.

Rules"), and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), directing the joint administration of the Debtors' cases under chapter 11 of the Bankruptcy Code, and administratively consolidating these chapter 11 cases for procedural purposes only, and waiving the requirement that the Debtors' captions contain each of the Debtors tax identification numbers and addresses; and notice having been given as set forth in the Motion; and upon the Affidavit of Paul H. Bogutsky, Chief Financial Officer, Executive Vice President and Treasurer of Workflow Management, Inc. in Support of Chapter 11 Petitions and First Day Pleadings; and it appearing that no other or further notice is required; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED, that**:

1. The Motion is **GRANTED**.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 10 -_____ (    ) in accordance with the provisions of Bankruptcy Rule 1015.

3. The joint caption of the Debtors' cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | |
| et al., | ) | Case No. 10-_____(    ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

4. All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the case of Workflow Management Inc., Case No. 10-_____ (_____).

5. The requirement that each of the Debtors' names, addresses, and taxpayer identification numbers be contained in the caption is hereby waived, and all pleadings shall be captioned as indicated in paragraph 3 above.

6. A docket entry shall be made in each of the other Debtors' chapter 11 cases substantially as follows:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Workflow Management, Inc. and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Workflow Management, Inc., Case No. (_____)(__), should be consulted for all matters affecting this case.

7. The requirement of Local Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Norfolk, Virginia
       September __, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia, 23510
(757) 640-3700

Proposed Attorneys for the Debtors and
Debtors in Possession

## **CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

/s/ Douglas M. Foley_____
Douglas M. Foley

\18015084